## Joseph M. Reeves, Plff. in Err., *v.* John Joseph Alter.

A tax title when lawfully established is good and marketable.

Where the last conveyance of record was in 1819, and in 1877 the property was sold for taxes assessed in the name of a person whose ownership was not established by evidence, and it appeared that the judgment was regular, the property sufficiently described, and notice of posting and advertising made according to law, the sheriff's vendee took a good and marketable title to the premises.

(Argued January 18, 1888. Decided February 7, 1888.)

July Term, 1887, No. 171, W. D., before GORDON, Ch. J.,

Paxson, Sterrett, Green, Clark, and Williams, JJ. Error to the Common Pleas No. 4 of Philadelphia County to review a judgment in favor of the defendant on a case stated. Affirmed.

The plaintiff, Joseph M. Reeves, and the defendant, John Joseph Alter, agreed to submit to the court the following facts, as a case stated for its opinion and decision:

First. On the 13th day of April, 1887, the defendant sold to the plaintiff a certain lot or piece of ground situate on the east side of Pennock street [here follows the description], the plaintiff paying to the defendant at said time the sum of $100, on account of said purchase money, and the defendant agreeing in consideration of such payment and sale that the plaintiff should receive on the passing of the title a good and marketable title for said property.

The instrument of writing acknowledging said receipt of said $100, as well as the terms of sale, is made a part of this case stated, and is as follows:

Received, Phila., April 13, 1887, of Mr. Joseph M. Reeves, $100 on account of consideration money for the sale of lot on east side of Pennock street, 99 feet 85/8 inches south of Parrish street, containing in front on said Pennock street 180 feet, and in depth on the north end 72 feet, and on the south end 95 feet; being the same premises and title conveyed by Wm. H. Wright, sheriff, to John Wilson, by deed poll dated July, 1877, and duly recorded. The said Joseph M. Reeves, of the second part, agrees to pay to the said John J. Alter, of the first part, the sum of $7,225, on the passing of title—the title to be good and marketable, taxes, etc., to be paid to date of settlement; otherwise this agreement to be null and void.

 (Signed)        John Jos. Alter.
Witness,
 Robert Stewart.

Second. That an examination of the title of said premises shows that on the 3d day of September, 1819, Francis Fearess, the then owner in fee of said premises, made a deed of that date to Charles Chambers in fee for all his (Fearess's) property, real, personal, and mixed, in trust, first, to pay unto Esther and Eliza

Fearess all their claim upon Francis Fearess; second, to pay unto Edmund Pratt the sum of $129, with interest; and third, to divide the remainder equally among his creditors.

This deed was duly acknowledged October 1, 1819, and recorded the same day at Philadelphia, in Deed Book I. W, No. 1, page 641, etc. This is the last deed, conveyance, or other record evidence of title of said premises, except as follows:

I. Deed Poll. William H. Wright, sheriff, to John Wilson, for said premises, dated July 7, 1877, duly acknowledged and recorded; and

II. Deed. John Wilson and wife to John Joseph Alter (the defendant), for said premises, dated June 29, 1886, duly acknowledged and recorded.

This is the only title said Alter has to convey.

Third. That the docket entries of the proceedings under which the sheriff sold said premises to John Wilson as aforesaid are as follows:

C. P. 3. March Term, 1876, M. L. D., 30.

The City of Philadelphia *v.* W. L. Newbold, owner, etc. Apl. 13–'76, sci fa. Exit Ret. 1st Mon. May, 1876. Made known by posting and advertising and *nihil habet* as to deft.

May 20, 1876, judgt. for want of an afft. of deft.

*Eo die* damgs. ass'd at $441.84. June 18–'77, *lev. fa.* Exit ret. 1st Mon. July, 1877.

Appraised at $1,200 clear, and sold to John Wilson for $550.00.

Sept. 7, 1877. By order of plff's. atty. filed this judgmt. is satisfied.

Shff. for costs.

Claim for $439.24 for tax against a lot of ground situate on the west side of Henry St. (vacated), 15th Ward, City of Phila., 60 ft. south of Centre St. (vacated), front on Henry St. 180 ft., depth westward 100 ft. This lot will front on east side of Pennock St. above Brown St. when Pennock St. is opened.

For city tax for the years 1870, '71, '72, '73, '74 and '75.

Filed Apl. 13, 1876.

And the following is a copy of the sheriff's return as indorsed upon the sci. fa.:

Made known by posting a true and attested copy of the within writ on a conspicuous part of the premises herein described April 29, 1876, and by advertising the same twice a week for two weeks in the Evening Bulletin, a daily paper published in this city, agreeably to the act of assembly in such case made and provided, and *nihil habet* as to defendant.

So answers,<br>S. R. Martin, Dep. Sheriff.

Fourth. There is no evidence that the defendant in said proceedings (W. L. Newbold) ever owned said premises, or was in any way interested therein, except that the property was assessed in his name at the tax office.

Fifth. It is further hereby agreed that either party may appeal or take a writ of error to the supreme court, from the decision or judgment of this court, if they be so advised or desire.

The question now hereby submitted to the court is as follows:

Whether a deed from the defendant to the plaintiff will vest a good and marketable title in him in fee simple to the premises hereinbefore described.

If the court shall be of opinion that a deed from the defendant to the plaintiff will vest in him a good and marketable title in fee simple in said premises, then judgment to be entered in favor of the defendant; otherwise judgment to be entered in favor of the plaintiff, in the sum of $100, with interest thereon, from the 13th day of April, 1887.

The court below after argument entered judgment for the defendant in the case stated.

The assignments of error specified the above action of the court.

*Henry R. Edmunds,* for plaintiff in error.—It appears from the record that the proceedings on the tax lien were for registered taxes for the years 1870 to 1875 against W. L. Newbold, owner or reputed owner; and it is admitted that no deed to Newbold appears in the chain of title, or that he had, at any time, any right, title, or interest whatever in the premises in ques-

tion.   The real owner therefore never had his day in court. How, under these circumstances, can the vendor make an indubitable title?   Swayne v. Lyon, 67 Pa. 439.

In the present case it cannot be said with certainty that the real owner is concluded by the judgment in the scire facias, under which the premises were sold, and through which the defendant claims title. This real owner is unknown to both plaintiff and defendant; and, of course, any inquiries which the plaintiff might make concerning any defense which the real owner might have made to the claim for taxes cannot be pursued.

There are a number of authorities in Pennsylvania showing how judgments upon municipal claims have been successfully attacked by the real owner in actions of ejectment, brought within twenty-one years after the sheriff's sale thereon.   Hess v. Potts, 32 Pa. 407; Delaney v. Gault, 30 Pa. 68.

*William H. Staake,* for defendant in error.—It is admitted that a title must be marketable, to recover in an action for the purchase money.   Murray v. Ellis, 112 Pa. 485, 3 Atl. 845.

The question here is:   Is a tax title marketable?   It has been clearly decided that it is.   Claypoole v. Dorsey, 5 Clark (Pa.) 192; Douglass v. Herold, 34 Phila. Leg. Int. 115.

The return of a sheriff to a scire facias sur municipal claim for taxes must show that the writ was posted and advertised two weeks prior to the return day; otherwise, the same will be set aside.   Wistar v. Philadelphia, 86 Pa. 215; O'Byrne v. Philadelphia, 93 Pa. 225.

A purchaser at a sheriff's sale, under a judgment obtained on a scire facias on such claim, is not bound to show that the acts of assembly have been strictly complied with.   He is protected by the judgment.   Claypoole v. Dorsey, 5 Clark (Pa.) 192; Delaney v. Gault, 30 Pa. 63; Cadmus v. Jackson, 52 Pa. 295.

The validity of a sale of land on a judgment for taxes cannot be impeached by evidence that the taxes had been paid before the rendition of the judgment.   Cadmus v. Jackson, 52 Pa. 295.

The question of the registry of the property is not involved here, as it is not alleged that the property was registered.   The land itself is the debtor to the public charge and is looked to, therefore; and the ownership is immaterial.   Fager v. Campbell, 5 Watts, 288; Spring Garden's Appeal, 8 Watts & S. 448, and Parker's Appeal, 8 Watts & S. 454; Council v. Moyamen-

sing, 2 Pa. St. 224; Collins v. Barclay, 7 Pa. 74; Strauch v. Shoemaker, 1 Watts & S. 166; Hunter v. Cochran, 3 Pa. St. 106.

PER CURIAM:

It will not do to say that a tax title when lawfully established is not good and marketable; otherwise, the acts of assembly which provide for the sale of real estate for unpaid taxes would be rendered abortive. The assessment, in the case in hand, seems to have been regular; and of this fact the judgment must be regarded as conclusive.

The description of the property was sufficient to give notice to the owner had he made search; there was thus full warrant for the sheriff's sale, and as that sale appears also to have been regular, the sheriff's vendee took a good title to the premises in controversy.

The judgment is affirmed.